**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTOPHER C. DOHERTY<br>    Plaintiff<br><br>vs.<br><br>ENCOUNTERCARE SOLUTIONS, INC., and<br>MED VENTURES, INC.<br>    Defendants | **CIVIL ACTION NO.**<br>**1:16-CV-12655-IT**<br><br>**Demand for Jury Trial** |

**FIRST AMENDED COMPLAINT**
**LEAVE TO FILE GRANTED**
**BY ORDER DATED MARCH 8, 2017**

Plaintiff Chris Doherty ("Doherty") brings this action against EncounterCare Solutions, Inc. and Med Ventures Inc. as is set forth hereinbelow for MedVentures' participation in EncounterCares's corporate affairs (collectively, the "Defendants") for violation of federal labor law under the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 201 et seq., and state wage laws under Massachusetts General Laws Chapter 149, §150, and Chapter 151, §§ 1B based on Defendants failure to pay Mr. Doherty wages to which he is owed, and failure to pay overtime compensation. Both the Diversity of Citizenship and amount in controversy and the Federal Question raised by the FLSA claims satisfy subject matter jurisdiction in the United States District Court of Massachusetts. This Honorable Court has supplemental jurisdiction over the Massachusetts state wage law claims because these claims arise from the same common nucleus of operative fact as the Federal law claims and the state wage law claims are sufficient for diversity subject matter jurisdiction.

## PARTIES

1. Plaintiff Chris Doherty is a Business Developer whose primary place of residence is 138 Webster Street, Needham, MA 02494. Doherty has been and is a resident of Massachusetts for all times germane hereto.

2. Defendant EncounterCare Solutions, Inc. is an Energy and Healthcare Company Incorporated in Delaware with a principal address of 2401 PGA Blvd. Suite 196, Palm Beach Gardens, Florida 33410.  EncounterCare Solutions Inc. often refers to itself and does business as Med Ventures Inc.

3. Med Ventures, Inc. is, on information and belief, a company incorporated in South Carolina with a registered address of 115 Atrium Way, Columbia, South Carolina, 29223. Med Ventures Inc. has a place of business located at 446 Merrimac Lane. Spring Hill, FL 34606.

## JURISDICTION AND VENUE

4. This Court has Federal Question subject matter jurisdiction over Plaintiff's Doherty's claims pursuant to 28 U.S. Code § 1331.

5. Defendant EncounterCare Solutions, Inc. has violated the Fair Labor Standards Act, 29 U.S. Code § 201 et seq., by committing wage and overtime violations against Plaintiff Doherty.

6. This Court also has subject matter jurisdiction over Plaintiff Doherty's Massachusetts State Law Claims pursuant to 28 U.S. Code §1332(a) because there is total diversity between Plaintiff and the Defendants and the amount in controversy is over $75,000.

7. Plaintiff Doherty is a resident and citizen of the Commonwealth of Massachusetts.

8. Defendant EncounterCare Solutions, Inc. is a company incorporated in Delaware with a primary place of business in Florida.

9. Med Ventures, Inc. is the alter ego and "paying arm or entity" for and on behalf of EncounterCare.

10. The relationship between EncounterCare and MedVentures is confused, commingled, and acting as one and the same for all intent and purpose.

11. The two entities are not treated separately and act in concert with one another.

12. On information and belief, Ron Mills, the CEO of EncounterCare is also an interlocking director and officer and/or control person for MedVentures and at his direction payments are made through this company.

13. As such, Plaintiff Doherty asks this Honorable Court to treat MedVentures and EncounterCare as one and the same

14. Plaintiff Doherty alleges approximately $29,200.20 in damages for lost wages and work related benefits and reimbursements, in addition to "treble damages as liquidated damages for any lost wages and other benefits" and "costs of the litigation and reasonable attorneys' fees" pursuant to Massachusetts General Laws Chapter 149, §150.

15. Plaintiff Doherty alleges that he is owed approximately $39,241.68 in damages for unpaid overtime work, in addition to an "award of treble damages, as liquidated damages, for lost overtime compensation" and "costs of the litigation and reasonable attorneys' fees" pursuant to Massachusetts General Laws Chapter 151, §1B.

16. With consideration of "treble damages as liquidated damages for any lost wages and other benefits," the amount in controversy is at least $205,325.64, plus the costs of litigation and reasonable attorneys' fees. This satisfies the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S. Code § 1332(a).

17. This Court has supplemental jurisdiction over Plaintiff Doherty's Massachusetts State Law Claims pursuant to 28 U.S. Code § 1367 because the claims arise from the same case, controversy and common nucleus of fact as the federal claims: namely, the Defendants failure to provide wage and overtime payments to Plaintiff Doherty for work performed.

18. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this Judicial District.

## STATEMENT OF FACTS

19. Plaintiff Chris Doherty ("Mr. Doherty") was an employee of EncounterCare Solutions, Inc.

20. EncounterCare Solutions, Inc. is involved in interstate commerce.

21. EncounterCare Solutions, Inc. is an Energy and Healthcare company that operates through three divisions in Energy, Healthcare Technology and Healthcare Services.

22. EncounterCare Solutions, Inc. is a publicly traded company that files mandatory disclosures as dictated by the SEC. *See* Exhibit 1, Market Capitalization

23. EncounterCare Solutions, Inc. has a market capitalization of $23,883,325. *See* Exhibit 1, Market Capitalization

24. The gross sales volume ranges from approximately $900,000 to $1.3 million. *See* Exhibit 2, Additional Financial Data.

25. Mr. Doherty began his employment with EncounterCare Solutions, Inc. on January 1, 2009.

26. Mr, Doherty worked in a business development capacity for EncounterCare Solutions, Inc.

4

27. In his capacity as Business Developer, Mr. Doherty developed and coordinated business efforts for EncounterCare Solutions, Inc.

28. Mr. Doherty had wide ranging responsibilities in interstate commerce.

29. Mr. Doherty regularly made telephone calls to individuals in several states, including but not limited to Florida, New York, California, Tennessee, and Texas.

30. Mr. Doherty attended a trade show in Texas on behalf of his employers.

31. Mr. Doherty routinely traveled to Florida to the EncounterCare Solutions, Inc. Corporate Office.

32. Mr. Doherty also routinely traveled to Florida to visit the warehouse for Dynamo, one product of the EncounterCare Solutions, Inc line.

33. Mr. Doherty worked extensively with a company in Tennessee, Pilot Flying Jay, on behalf of EncounterCare Solutions.

34. Mr. Doherty attended investor meetings in Las Vegas, Nevada.

35. On behalf of EncounterCare Solutions, Inc. Mr. Doherty gave presentations in various states in the United States.

36. Mr. Doherty attended investor meetings in Las Vegas.

37. In addition business coordination responsibilities, Mr. Doherty assisted in packaging and preparing products for shipping at the warehouse in Florida.

38. Mr. Doherty did not possess executive or administrative responsibilities while working in a business development capacity.

39. Mr. Doherty's work did not require advanced scientific knowledge, invention, or artistic and creative talent.

40. From September 2013 to April 30th, 2016, Mr. Doherty received average annual compensation of $98,579 a year.

41. From September 2013 to April 30th, 2016, Mr. Doherty performed numerous hours of overtime work each week.

42. During the entirety of this time period, EncounterCare Solutions, Inc. failed to provide any overtime compensation for the work Mr. Doherty performed for the company.

43. Mr. Doherty has exhausted all administrative remedies with the Commonwealth of Massachusetts and has made demand upon and has received authorization from the Office of the Attorney General to pursue a civil lawsuit in order to remedy the violations of overtime payment laws.

44. In 2016, Mr. Doherty was to receive bi-weekly payments of $4,166.67

45. Between January 1, 2016 and April 30, 2016, Plaintiff Chris Doherty was only paid $12,333.44 when several paychecks were not in the full amount of $4,166.67.

46. Two of these paychecks were complete non-payments of wage.

47. For the period ending on January 15th, 2016, EncounterCare Solutions, Inc. failed to pay Mr. Doherty any wages of the $4,166.67 to which he was owed

48. For the period ending on March 31st, 2016, EncounterCare Solutions, Inc. failed to pay Mr. Doherty any wages of the $4,166.67 to which he was owed.

49. In sum, Mr. Doherty worked approximately four weeks in 2016 for no payment whatsoever.

50. The amount that Plaintiff was paid, $12,333.44, is a total gross shortage of at least $21,000.02 less than what he was owed by his employer, EncounterCare Solutions, Inc.

51. EncounterCare Solutions Inc. also owes Plaintiff Doherty approximately $8200.18 in work related benefits, which includes non-payment of health insurance.

52. Plaintiff Doherty has communicated with EncounterCare Solutions, Inc. and President and CEO Ronald Mills in order to remedy the payment deficiency, but the situation has not been addressed or remedied.

53.     Plaintiff Doherty has exhausted all administrative remedies with the Commonwealth of Massachusetts, has made demand upon the Office of the Attorney General to remedy such wage and overtime abuse and has received authorization from the Office of the Attorney General to pursue a civil lawsuit in order to remedy the violations of state wage laws.

## COUNT 1-FAILURE TO PAY WAGES IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

54.     Plaintiff Doherty realleges paragraphs 1-53 and incorporates those allegations by reference as if fully restated herein.

### Failure To Pay Wages

55.     In 2016, Mr. Doherty was to receive an annual salary of $100,000 in the form of bi-weekly payments of at least $4,166.67 from employer EncounterCare Solutions, Inc.

56.     Between January 1st and April 16th 2016, EncounterCare Solutions, Inc. through the Company Payroll sent 6 (six) deficient payments to Plaintiff Doherty in varying amounts.

57.     Two these deficient payments were complete non-payments of wage.

58.     For the period ending on January 15th, 2016, EncounterCare Solutions, Inc. failed to pay Mr. Doherty any wages of the $4,166.67 to which he was owed

59.     For the period ending on March 31st, 2016, EncounterCare Solutions, Inc. failed to pay Mr. Doherty any wages of the $4,166.67 to which he was owed.

60.     In sum, Mr. Doherty worked approximately four weeks in 2016 for no payment whatsoever.

61.     The periods for which Mr. Doherty received no pay suffices a minimum wage violation in violation of the Fair Labor Standards Act, 29 U.S. Code § 206.

62. Between January 1st and April 16th 2016, EncounterCare Solutions, Inc. failed to pay Plaintiff Doherty $21,000.02 in wages as he is owed under his annual salary.

63. In addition to the failed wage payments, EncounterCare Solutions, Inc. deprived Plaintiff Doherty of work-related benefits, such as healthcare expenses, totaling approximately $8,200.18.

64. Mr. Doherty has exhausted all possible opportunities to remedy the payment deficiency, but the situation has not been addressed or remedied.

65. EncounterCare Solutions, Inc. has failed to pay the statutory minimum wages to Plaintiff Doherty in violation of the Fair Labor Standards Act, 29 U.S. Code § 206.

66. MedVentures as the paying entity and commingled and confused legal entity should be held liable jointly for these payments.

67. As a result of this failure to pay wages, Plaintiff Doherty has suffered and continues to suffer damages, including but not limited to monetary and liquidated damages, and attorney's fees for which Defendants are liable to Plaintiff pursuant to 29 U.S. Code § 216 (b).

<div align="center">Failure to Provide Overtime Compensation</div>

68. EncounterCare Solutions, Inc. is a covered enterprise under the F.L.S.A, as it has gross sales volumes in excess of $500,000. *See* Exhibit 2, Additional Financial Data.

69. In addition, Mr. Doherty is a covered employee within the meaning of the F.L.S.A. as he has regularly engaged in interstate commerce on behalf of the employer and also prepared goods that were distributed and produced in interstate commerce.

70. From September 2013 to April 30th, 2016, Mr. Doherty received average annual compensation of $98,579 a year.

71. The average annual compensation of $98,579 a year is equivalent to $1895.75 a week, or $47.39 an hour.

72. From September 2013 to April, 30th, 2016, a period of 138 weeks, Mr. Doherty performed on average numerous hours of overtime work each week.

73. Mr. Doherty's overtime work consisted of the business development work he performed in the regular course of employment for EncounterCare Solutions, Inc. and with the knowledge and approval of the Employer.

74. This business development work was involved in interstate commerce, including regular telephone call and travel to several states across the United States.

75. EncounterCare Solutions, Inc. was aware of Mr. Doherty's overtime work for the company, as Mr. Doherty was virtually on call after 5:00pm and on some weekends.

76. Despite his diligent and committed work for the company, Mr. Doherty never received overtime compensation from EncounterCare Solutions, Inc.

77. In total, Mr. Doherty performed approximately 552 hours of unpaid overtime work for EncounterCare Solutions, Inc.

78. The failure to provide overtime compensation, at a rate of a time and a half, results in approximately $39,241.68 of unpaid compensation owed to Mr. Doherty.

79. EncounterCare Solutions, Inc. has failed to pay wages to Plaintiff Doherty in violation of the Fair Labor Standards Act, 29 U.S. Code § 207.

80. MedVentures as the paying entity and commingled and confused legal entity should be held liable jointly for these payments.

81. As a result of this failure to pay wages, Plaintiff Doherty has suffered serious damages, not limited to monetary and liquidated damages, and attorney's fees for which Defendants are liable to Plaintiff pursuant to 29 U.S. Code § 216 (b).

### COUNT 2- FAILURE TO PAY WAGES IN VIOLATION OF MASSACHUSETTS LAW

82. Plaintiff Doherty realleges paragraphs 1-81 and incorporates those allegations by reference as if fully restated herein.

<div align="center">Failure to Pay Wages</div>

83. EncounterCare Solutions, Inc. has failed to pay wages to Plaintiff Doherty in violation of Massachusetts General Laws Chapter 149, §148.

84. As a result of this failure to pay wages, Plaintiff Doherty has suffered serious damages, not limited to monetary and liquidated damages for which Defendants are liable to Plaintiff pursuant to Massachusetts General Laws Chapter 149, §150.

85. EncounterCare Solutions, Inc. has failed to provide overtime compensation owed to Mr. Doherty in violation of Massachusetts General Laws Chapter 151, §1A.

86. MedVentures as the paying entity and commingled and confused legal entity should be held liable jointly for these payments.

87. As a result of this failure to provide overtime compensation, Mr. Doherty has suffered and continues to suffer damages, including but not limited to monetary and liquidated damages for which Defendants are liable to Mr. Doherty pursuant to Massachusetts General Laws Chapter 151, §1B.

## **COUNT 3- DECLARATORY JUDGMENT**

88. Plaintiff Doherty realleges paragraphs 1-86 and incorporates those allegations by reference as if fully restated herein.

89. Plaintiff Doherty is unclear as to the precise relationship between MedVentures and EncounterCare Solutions as the same relationship pertains to his status as employee and as a person entitled to compensation.

90. Doherty therefore seeks the guidance of this Honorable Court to determine the status of these companies and to determine the rights and liabilities of the parties herein.

91.　Doherty seeks a ruling that the two entities should be treated as one and the same and the corporate veil of Encounter Care Solutions and/or MedVentures should be pierced and the two companies should be held jointly liable for the debts identified herein

**WHEREFORE,** Doherty seeks the following relief:

1. Judgment be entered in his favor and against Defendants jointly and severally;
2. The award of Damages to Plaintiff in an amount to be determined in trial;
3. The award of Damages to Plaintiff in an amount to be determined in trial, pursuant to 29 U.S. Code § 216 (b);
4. The award of attorney's fees and costs;
5. The award of Damages to Plaintiff in an amount to be determined in trial, or in the alternative, no less than treble damages as provided pursuant to Massachusetts General Laws Chapter 149, §150, and 151, §1B and the costs of litigation and reasonable attorneys' fees'
6. The determination of the rights and liabilities of the parties herein pursuant to the count for Declaratory relief;
7. The determination that each of the Defendants, Encounter Care Solutions, Inc., and MedVentures Inc. be held jointly and severally liable for the debts determined herein;
8. The piercing of the corporate veil and the determination that both MedVentures Inc. and EncounterCare Solutions be held jointly and severally liable for the debts determined herein;

9. The grant of such other legal and equitable relief as this Honorable Court deems proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all claims so triable.

Respectfully submitted,

CHRIS DOHERTY,

by his attorney,

/s/ Jeffrey S. Baker
Jeffrey S. Baker
BBO No. 544929
Baker & Assoc.
Two West Hill Place, Suite 100
Boston, MA 02114
Ph: 617-573-9505
E-mail: bakerlaw@aol.com

## Certificate of Service

On this day, March 9, 2017, I certify that I served or caused to be served on all other parties a true and accurate copy of this document and any supporting memoranda or affidavits by ECF.

/s/ Jeffrey S. Baker
Jeffrey S. Baker

# EXHIBIT 1

| Pink Market Totals | 8,244 | $535.9M | 11.4B | 98,967 |
|---|---|---|---|---|
| | Securities | Dollar Volume | Share Volume | Trades |

## ECSL eCare Solutions, Inc.

OTCPink
Pink Current Informatio

Common Stock
Alternative Reporting

**0.3899** **0.0001 (0.03%)** at 15:26:15 EST Real-Time Best Bid & Ask **0.367 / 0.3899** (1 x 1) Why is size 1?

### Contact Info

2401 PGA Blvd
Suite 196
Palm Beach Gardens, FL 33410

Website: http://www.encountercare.com
Phone: 866-771-3580

### Business Description

he parent company Encountercare Solutions Inc., provides information management systems to healt care providers; provides pediatric home health services and equipment.
A subsidiary of the company CyberFuels, Inc., provides Clean Energy Fuel marketed under the Brand names "Singular 96","EMG96" and "Eco Island Blend". CyberFuels, Inc. also has begun to market its proprietary bottled additive.

Update Company Profile

### Financial Reporting/Disclosure

| | |
|---|---|
| **Reporting Status** | Alternative Reporting Standard |
| **Audited Financials** | Unaudited |
| **Latest Report** | Dec 31, 2016 Quarterly Report |
| **Fiscal Year End** | 6/30 |
| **OTC Marketplace** | Pink Current |

### Profile Data

| | |
|---|---|
| **SIC - Industry Classification** | 8000 - Services-Health Services |
| **Incorporated In:** | DE, USA |
| **Year of Inc.** | 1998 |
| **Employees** | 30 a/o Dec 31, 2005 |

### Company Officers/Contacts

| | |
|---|---|
| **Ronald Mills** | CEO |
| **Brian Pybus** | Accountant |

### Company Directors

| | |
|---|---|
| **Ronald Mills** | Chairman |

### Service Providers

**Accounting/Auditing Firm**

Not Available

**Securities Counsel**

Greenberg Traurig (Boca Raton FL)
5100 Town Center Circle
Suite 400
Boca Raton, FL, 33486
United States

### ECSL Security Details

#### Share Structure

| | | |
|---|---|---|
| Market Value[1] | $23,883,325 | a/o Mar 06, 2017 |
| Authorized Shares | 75,000,000 | a/o Dec 31, 2015 |
| Outstanding Shares | 61,239,294 | a/o Dec 31, 2015 |
| -Restricted | Not Available | |
| -Unrestricted | Not Available | |
| Held at DTC | Not Available | |
| Float | 42,992,579 | a/o Dec 31, 2013 |
| Par Value | 0.001 | |

#### Transfer Agent(s)

American Registrar & Transfer Co.

#### Shareholders

Shareholders of Record 491 a/o Dec 31, 2013

#### Security Notes

- Capital Change=shs decreased by 1 for 16 split. Pay date=06/24/1998.

#### Short Selling Data

| | |
|---|---|
| Short Interest | 519 (2,062.5%) Feb 15, 2017 |
| Significant Failures to Deliver | No |



Not Available

**Company History**
- Formerly=Minimally Invasive Surgery Corp. until 3-00
- Formerly=Galaxy Ventures, Inc. until 6-98

[1]Market Value calculated only for respective security



### Our Markets
- QX
- QB
- Pink

### Market Info
Contact Us
Advertising
Market Hours/Holidays

### Corporate Info
About Us
Investor Relations
Press Center
Careers

### Sign up for the Newsletter
OTCNews
View Previous Newsletters

Follow Us:

© 2016 OTC Markets Group Inc.  Terms of Service  Linking Terms  Trademarks  Privacy Statement  Risk Warning  Site Map  Give Feedback  Supported Browsers  ↑ Jump to Top

OTC Link® ATS provided by OTC Link LLC, member FINRA / SIPC, a wholly owned subsidiary of OTC Markets Group Inc.
OTCQX, OTCQB and Pink markets designated by OTC Markets Group.

# EXHIBIT 2



| | | | | |
|---|---|---|---|---|
| Home | Marketplaces | **Market Activity** | News | Services | Research | Learn |

Enter Symbol/Company Name  Get Quote

**Company Directory | Stock Screener**

Pink Market Totals — **8,244** Securities — **$541.3M** Dollar Volume — **11.4B** Share Volume — **99,010** Trades

- Quote
- Charts
- Company Profile
- News
- **Financials**
- Filings and Disclosure
- Short Sales
- Insider Disclosure
- Research Reports
- Videos and Presentations

**ECSL    eCare Solutions, Inc.**

Common Stock
Alternative Reporting

OTCPink — Pink Current Information

**0.3899    0.0001 (0.03%)** at 15:26:15 EST    Real-Time Best Bid & Ask **0.367 / 0.3899** (1 x 1) Why is size 1?



| Income Statement | Balance Sheet | Cash Flow |

Reporting Status: **Alternative Reporting**

View:    Quarterly    Semi-Annual    Annual            (Values in 000s | USD)

| Period Ending | Jun 30, 2016 | Jun 30, 2015 | Jun 30, 2014 | Jun 30, 2013 |
|---|---|---|---|---|
| **Total Revenue** | 320 | 363 | 647 | 535 |
| Cost of Revenue | 178 | 209 | 256 | 185 |
| **Gross Profit** | 142 | 154 | 390 | 349 |
| **Operating Expenses** | | | | |
| Research and Development | - | - | - | - |
| Sales, General and Admin. | 905 | 1,301 | 1,017 | 1,027 |
| Non-Recurring Items | - | - | - | - |
| Other | 6 | 8 | 8 | 8 |
| **Operating Income** | (1,393) | (1,479) | (1,163) | (1,037) |
| **Income From Continuing Operations** | | | | |
| Add'l Income/Expense Items | - | - | - | 73 |
| Earnings Before Interest and Tax | (1,393) | (1,479) | (1,163) | (1,037) |
| Interest Expense | (140) | (138) | (172) | (219) |
| Earnings Before Tax | (1,533) | (1,618) | (1,328) | (991) |
| Income Tax | 0 | 0 | 0 | 0 |
| Minority Interest | - | - | - | - |
| Equity Earnings Unconsolidated Subsidiary | - | - | - | - |
| Net Income Cont. Operations | (1,533) | (1,618) | (1,328) | (991) |
| **Non Recurring Events** | | | | |
| Discontinued Operations | - | - | - | - |
| Extraordinary Items | - | - | - | - |
| Effect of Accounting Changes | - | - | - | - |
| Other Items | - | - | - | - |
| **Net Income** | (1,533) | (1,618) | (1,328) | (991) |
| Preferred Stock and Other Adjustments | - | - | - | - |
| **Net Income Applicable to Common Shareholders** | (1,533) | (1,618) | (1,328) | (991) |

For information not originally reported in U.S. Dollars, conversion is based on applicable exchange rate on the last day of the period reported.

**Our Markets**
- QX
- QB
- Pink

**Market Info**
Contact Us
Advertising
Market Hours/Holidays

**Corporate Info**
About Us
Investor Relations
Press Center
Careers

**Sign up for the Newsletter**

OTCNews

View Previous Newsletters

Follow Us:

© 2016 OTC Markets Group Inc.   Terms of Service   Linking Terms   Trademarks   Privacy Statement   Risk Warning   Site Map   Give Feedback   Supported Browsers   ↑ Jump to Top

OTC Link® ATS provided by OTC Link LLC, member FINRA / SIPC, a wholly owned subsidiary of OTC Markets Group Inc.
OTCQX, OTCQB and Pink markets designated by OTC Markets Group.